THE HALVERSON FURNITURE COMPANY
.V.
NILS A. PETERSON.

*Master and Servant—Recovery of Wages—Evidence—Corporations.*

In an action brought for the recovery of wages, this court holds, in view of the evidence, that the judgment for the plaintiff can not stand.

[Opinion filed June 2, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Mr. MILTON I. BECK, for appellant.

Mr. HENRY A. LEE, for appellee.

MORAN, P. J. The appellant corporation was organized in

the early part of January, 1889, with a capital of $5,000, for the purpose of manufacturing furniture.

Appellee was elected one of the directors and acted as such. He claims that at the meeting of the company in which he was chosen as director, one Moore, who was at the same time elected a director, proposed to him that he should have $22.50 per week for his labor in the business of the company. Some $40 was paid to him, and he had on the trial below a verdict for $200.

The evidence shows that there were five directors: James E. Moore, William E. Moore, Halverson, Bradshall, and appellee. Appellee testifies that they were all present when James G. Moore said that he should have $22.50 per week. Halverson, Bradshall and James E. Moore, three of said directors, testify that there was no agreement made to pay appellee said sum, nor any conversation had in which said sum was mentioned as his wages.

They talked about wages in a general way at that meeting and it was said when the company got going and had more business, they might be able to pay such an amount.

The by-laws of the company provide that the superintendent, in conjunction with the secretary and treasurer, shall employ all help in the factory, and they shall adjust the rate of compensation. Appellee was the treasurer, and the superintendent and secretary both swear that he met with them and that appellee's wages were adjusted at $10 per week. Appellee admits the first pay he received was $10 for the week. In view of the evidence and the circumstances, we are of opinion that the verdict in the case is clearly and manifestly against the weight of the evidence.

Three witnesses contradict appellee in his claim that the wages were fixed at $22.50 per week. Moore, whom he says told him that should be his wages, had, under the by-laws, no authority to fix the wages, appellee having more authority over that matter than Moore.

The court below should have granted the motion for a new trial. The judgment will be reversed, and the case remanded.

*Reversed and remanded.*